# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHESLICK, : No. 3:07cv971
    Plaintiff :
                         : (Judge Munley)
    v. :
                         :
WYOMING VALLEY WEST :
SCHOOL DISTRICT, :
    Defendant :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the defendant's motion for summary judgment in this employment discrimination case. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

Plaintiff John Cheslick resides in Swoyersville, Luzerne County, Pennsylvania. (Doc. 22, Defendant's Statement of Material Facts (hereinafter "SMF") ¶ 1). Defendant Wyoming Valley West School District is a school district located in Kingston, Pennsylvania. (Id. at ¶ 2). Plaintiff worked as a substitute teacher for defendant during the 1998-1999, 1999-2000 and 2000-2001 school years. (Id. ¶¶ 10, 12, 13).

The basic background facts are undisputed. A teacher who worked for the defendant retired from the school district, and his retirement was accepted by the school board in June 2002. His official retirement date was in September 2002. When he left his position, Lisa Granahan, who was teaching Biology I and Earth-Space Science at the school, was placed into his position. (SMF ¶ 26, 63). Thus, the school needed to find someone to take over Granahan's Biology I and Earth-Space Science job. They did not post the position in June or September, but waited until January 2003 to post it. They posted it for three days, two of which were

weekend days.

For the remainder of the semester - from approximately September until December 2002 - Allison Magagna was hired as a substitute to fill Granahan's position. (SMF ¶ 39). At the time she was hired as a substitute, Magagna was not certified by the state to teach the courses. Nonetheless, the defendant retained her as the substitute until interviews were held and a permanent replacement hired. In the meantime, Magagna took the test to be certified for the position. She passed the test in approximately December 2002, although she did not officially receive her certificate at that time. In January of 2003, defendant posted the position and interviewed both the plaintiff and Magagna. The defendant hired Magagna as the full-time teacher for the Biology I and Earth-Space Science position.

Plaintiff generally argues that the defendant discriminated against him and this discrimination is evidenced by the following: the school district did not immediately post the position; it hired a long-term female substitute for the position who did not have the required certification and it ultimately hired that substitute, a female, instead of plaintiff, a male.

Based upon these facts, which will be addressed more fully where appropriate below, plaintiff instituted this two-count action. He asserts: 1) violation of the Civil Rights Act of 1964, 42 U.S.C. § 200e-2(a), discrimination on account of sex; and 2) violation of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 PENN. STAT. § 955(a).

At the close of discovery, the defendants filed a motion for summary judgment, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to

3

admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

The defendant's motion raises the following four issues: 1) Has plaintiff stated a *prima facie* case of employment discrimination under Title VII? 2) Has the defendant articulated legitimate and nondiscriminatory reasons for hiring Magagna for the vacant teaching position? 3) Are punitive damages provided for under Title VII, § 1981 or the PHRA? And 4) Has plaintiff alleged any facts to support a retaliation claim? In his brief in opposition to the motion for summary judgment the plaintiff indicates that he withdraws the claim for punitive damages and that he is not pursuing a claim for retaliation. The motion will therefore be granted as unopposed with regard to these two issues. The court need only address the first two issues listed above.

**Burden Shifting Analysis**

As noted above, plaintiff sues under Title VII for gender discrimination. Title VII provides:

> (a) Employer Practices
> It shall be an unlawful employment practice for an employer-
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin.

42 U.S.C. § 2000e-2 (emphasis added).

4

It is commonly called "reverse discrimination" when a male sues for gender discrimination. In cases of "reverse discrimination" the burden is initially on the plaintiff to establish a *prima facie* case. In order to meet his burden the plaintiff must "present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII." Iadimarco v. Runyon, 190 F.3d 151, 161, 163 (3d Cir. 1999).[1] If the plaintiff meets this burden, then the burden shifts to the employer to establish legitimate non-discriminatory reasons for the employment action. Id. at 157. If defendant meets this burden, the burden shifts back to the plaintiff to demonstrate that defendant's reason for not hiring him was pretextual and the real reason was invidious discrimination. Id. at 166. We will address these issues separately.

**Prima facie case**

With regard to the *prima facie* case, that is whether the employer treated him less favorably because of his gender, plaintiff has presented evidence that he applied for the position and was fully qualified, but the female who was hired was unqualified. (SMF ¶ 9; Plaintiff's Counterstatement of Material Facts, Doc. 25, (hereinafter "CSMF" ¶¶ 22-23). Defendant's own Rule 30(b)(6) witness admitted that Magagna's hiring before receiving her certification to teach earth-space is inconsistent

---

[1] Plaintiff asserts that this is not a case of "reverse discrimination as 75% of all public school teachers in America are female. Therefore, a lesser *prima facie* case is sufficient. As we find that plaintiff satisfies the "reverse discrimination" *prima facie* case, we need not decide whether this case is "reverse discrimination" or ordinary gender discrimination. Regardless, the law provides little, if any, real difference between the two.

with the requirements of the Pennsylvania Department of Education. (CSMF 1, Pl. Ex. 17, at 40-41). Thus, plaintiff has presented evidence that he, who was fully qualified for the position, was not hired despite applying and possessing the qualifications, whereas the candidate who was hired, a woman, lacked the proper certification.[2]

Moreover, the defendant placed Magagna in the substitute teacher position for over twenty (20) school days although she was teaching a subject for which she was not certified in contravention of Pennsylvania Department of Education rules. (SMF 39, 22 Pa. Code. § § 49.31, 49.32 and 49.34). This was in spite of the fact that plaintiff, who was certified for the position had applied for short or long-term substitute teaching positions.

Plaintiff also points out that the school district waited to post the position until January, after the female who was placed in the substitute position had taken the test necessary to be hired full time. He claims that the position could have been posted in June or September.

We find that this evidence is sufficient to meet plaintiff's *prima facie* case. In so concluding, we bear in mind that the Third Circuit Court of Appeals has indicated that "the burden of making out a prima facie case is not onerous." Fowle v. C & C Cola, a Div. of ITT-Continental Baking Co., 868 F.2d 59, 65 (3d Cir.1989)

---

[2] The defendant argues that the teacher hired for the position had passed the required exam and was thus fully qualified by the time she was hired although she may not have received the official certification at that time. We find that this is an argument best made to the jury as hiring someone who is not in possession of the certification may in fact be evidence of discrimination against someone who does have the certification.

6

**Legitimate non-discriminatory reasons**

As a *prima facie* case has been met, it is necessary to proceed to the next step in the analysis. That is whether the defendant has presented a legitimate non-discriminatory reason for the employment decision. Iadimarco, 190 F.3d at 157.

The school district asserts that it delayed the posting of the position because the school district and the teachers' union agreed that a substitute could be used to replace a teacher who was not returning during the school year until the parties agreed to post the position, which would generally occur during a break in the school year. (SMF ¶ 35-36). This procedure resulted in no disruption in the educational process. (Id.).

As set forth above, plaintiff asserts that the defendant kept Magagna on as a long-term substitute in the position that she would eventually be hired for on a permanent basis for greater than twenty (20) days in violation of the Pennsylvania Department of Education regulations. The defendant asserts that the substitute position is not at issue in this case as the complaint asserts discrimination only in the decision not to hire plaintiff for the full-time permanent position. Moreover, the school district asserts that plaintiff cites to a regulation that was dated two or more years after the relevant events occurred. According to the defendant, the regulation in effect at the time in question provided school districts more flexibility with regard to substitute teachers.[3]

---

[3] A review of the regulation cited by the defendant, Certification and Staffing Policy Guideline 89 reveals that it may not provide as much flexibility as defendant argues it does. (Doc. 28-4). However, the parties can argue these matters to the jury. We will not rule as a matter of law as to the requirements of the regulation, whether the defendant violated them

7

With regard to the ultimate decision to hire Magagna, the defendant indicates Magagna was simply the better interviewee. Defendant asserts that each of the three individuals who interviewed both plaintiff and Magagna for the position articulated several reasons for concluding that Magagna was the most qualified candidate and provided better information and professional preparation in the interview process. (SMF ¶ ¶ 55, 57-61).

**Pretext**

As legitimate non-discriminatory reasons have been presented, the burden shifts again to the plaintiff to demonstrate that defendant's reason for not hiring him was pretextual. Iadimarco, 190 F.3d at 166. To meet this burden, plaintiff must point to evidence from which a reasonable factfinder could either: 1) disbelieve the defendant's alleged nondiscriminatory reason; or 2) believe an invidious discriminatory reason was more likely than not a motivating or determinative cause of his firing. Id. Plaintiff has satisfied this burden.

With regard to the delay in posting the job, defendant asserts that the posting was delayed six months to avoid possible disruption of the school year. Plaintiff argues that there would have been no disruption if it was posted June of 2002, when the school district accepted Olexa's retirement. That was two months prior to the commencement of the school year and would have entailed no disruption in the educational process. Moreover, unless Magagna was the one ultimately chosen, there would necessarily be disruption for the students. A representative of the school admitted that there was no reason why the posting could not have been done immediately after acceptance of Olexa's retirement in June of 2002 and

---

and if so whether such violation evinces invidious discrimination.

8

using long-term substitute teachers had been disruptive in the past. (CSMF ¶¶ 8, 11).

Next, plaintiff argues that it is in fact relevant that the school district hired Magagna for the long-term substitute position instead of him. He asserts that he applied for this position in July 2002 and was certified to teach the position as opposed to Magagna. Plaintiff has also raised an issue as to whether the reason given for hiring Magagna as the earth-science substitute, that is because she was the only science-certified teacher on its substitute list, is false. She was not certified at the time, according to the evidence presented by the plaintiff. (CSMF 23, 25). Plaintiff himself was certified for the position and was on file with the defendant at the time. (SMF 9; CSMF 22).

Plaintiff asserts that a jury could decide to disbelieve those who recommended Magagna for the position. For example, he presents evidence that one of the interviewers testified that he did not consider Magagna's holding the substitute position at the time of the interview for the full-time position as a factor in his recommendation of her. (SMF ¶ 48). However, in a sworn statement to the Pennsylvania Human Relations Commission, he stated that his observation of her as a substitute confirmed the opinions he had based upon the interview. (CSMF ¶ 21).

Generally, in their briefs and statements of fact, the parties argue over the evidence of the case. We cannot make factual determinations at this stage of the proceedings when the facts are in dispute - that is a matter left to the province of the jury.

Accordingly, for all of the reasons set forth above, it is inappropriate to grant summary judgment to the defendant and its motion will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHESLICK,
    Plaintiff

v.

WYOMING VALLEY WEST
SCHOOL DISTRICT,
    Defendant

: No. 3:07cv971
:
: (Judge Munley)

## ORDER

**AND NOW**, to wit, this 15th day of May 2009, the plaintiff's motion for summary judgment (Doc. 20) is hereby granted in part and denied in part. It is **GRANTED** as unopposed with respect to punitive damages and the retaliation claim. It is **DENIED** in all other respects.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court